UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MY HOME NOW, LLC, a Nevada Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., successor by merger to BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, a National Banking Corporation; DOES I through X, inclusive; ROE ENTITIES XI through XX,<br><br>　　　　　Defendants. | Case No. 2:14-cv-01957-RFB-CWH<br><br>**ORDER GRANTING MOTION TO INTERVENE** |

## I.    INTRODUCTION

Before the Court for consideration is a Motion to Intervene filed by the Federal National Mortgage Association ("Fannie Mae") and the Federal Housing Finance Agency ("FHFA"), as Conservator of Fannie Mae (collectively, "Petitioners"), filed on February 24, 2015. ECF No. 14. The Court has reviewed the parties' filings. For the reasons stated below, Petitioners' Motion to Intervene is granted.

## II.   BACKGROUND

The Motion to Intervene alleges the following facts.[1] On or about February 1, 2008, Fannie Mae acquired ownership of a mortgage loan (the "Loan") secured by a deed of trust ("Deed of Trust") to the real property located at 11315 Colinward Avenue, Las Vegas, Nevada

---

[1] See Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001) ("Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections.").

89135 (the "Property") from Bank of America, N.A. ("BANA"). BANA remained the servicer of the Loan. The borrowers on the Loan failed to make payments to Westpark Community Association ("HOA"). On June 2, 2010, the HOA's agent recorded a notice of default under the HOA's lien on the Property. On June 27, 2014, the HOA sold the Property to satisfy its lien on the Property to My Home Now, LLC ("My Home Now").

On September 6, 2008, the FHFA's Director placed Fannie Mae into conservatorship pursuant to 12 U.S.C. § 4617(a). As Conservator, the FHFA succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, id. § 4617(b)(2)(A)(i), and may "take such action as may be (i) necessary to put [Fannie Mae] in a sound and solvent condition; and (ii) appropriate to . . . preserve and conserve the assets and property" of Fannie Mae, id. § 4617(b)(2)(D).

On October 6, 2014, My Home Now brought this action against BANA for quiet title and declaratory relief in regard to the Property, and on November 24, 2014, BANA removed this action to federal court. Pet. for Removal, ECF No. 1.

Petitioners now move to intervene in the current action under Rule 24 of the Federal Rules of Civil Procedure. The FHFA contends that it should be permitted to intervene by right under Rule 24(a)(1) and its statutory authority to protect Fannie Mae's assets under 12 U.S.C. § 4617. Alternatively, Petitioners seek permissive intervention under Rule 24(b).

### III.   LEGAL STANDARD

Courts must permit intervention as of right on timely motion for "anyone who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Rule 24 also provides for permissive intervention. Under Rule 24(b), courts may permit intervention to anyone on timely motion who has a conditional right to intervene under a federal statute or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). The decision whether to allow permissive intervention is within

the discretion of the district court. Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1110 (9th Cir. 2002), abrogated on other grounds by Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1178-80 (9th Cir. 2011). Finally, "Rule 24 traditionally receives liberal construction in favor of applicants for intervention. Courts are guided primarily by practical and equitable considerations." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted).

**IV.     DISCUSSION**

The FHFA argues that it should be permitted to intervene as of right because it has been granted an unconditional statutory right to do so under 12 U.S.C. § 4617(a). The Court fails to see how this statute, which empowers the FHFA to protect the assets and interests of regulated entities, grants an unconditional right to intervene in this action. Nevertheless, the Court need not undertake an analysis of whether intervention is permitted under Rule 24(a) because it finds that Petitioners should be granted permissive intervention under Rule 24(b). Petitioners have shown that they possess a claim that shares common questions of law and fact with My Home Now's claims.

The main action in this case concerns whether BANA retains any interest in the Property through the Deed of Trust securing the Loan on the Property, for which it is the servicer. In their Motion to Intervene, Petitioners claim that Fannie Mae has an interest in the Property which could be affected by My Home Now's action against BANA because it is the owner of the Loan. Fannie Mae's claim therefore shares a common question of law with the main action—that is, the issue of whether the HOA sale to My Home Now extinguished competing interests in the Property. Specifically, Petitioners assert a "statutory defense that Plaintiff's claim of free and clear title to the [P]roperty at issue in this case [] is barred by 12 U.S.C. § 4617(j)(3), which preempts conflicting state law and precludes a homeowner's association sale from extinguishing Fannie Mae's interest in the Property." Mot. Intervene at 2. Fannie Mae's claim also shares other common questions of fact with the main action, such as which entity owned the Deed of Trust at the time of the HOA sale. Therefore, the Court finds Fannie Mae meets the elements for permissive intervention.

The FHFA as an entity also meets the requirements for permissive intervention. As Conservator, the FHFA succeeds by operation of law to "all rights, titles, powers, and privileges" of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). The FHFA is also empowered to "take such action as may be . . . appropriate to . . . preserve and conserve the assets and property" of Fannie Mae. Id. § 4617(b)(2)(D). Thus, the FHFA may assert any claim or defense that Fannie Mae could assert with respect to the rights and titles succeeded to by the FHFA under the statute and, as Conservator, may intervene to attempt to protect Fannie Mae's alleged property interest under Rule 24(b).

My Home Now opposes intervention by Fannie Mae and the FHFA on various grounds. The Court rejects these arguments for the following reasons.

First, My Home Now argues that Petitioners lack standing to intervene in this action because they have no interest in the Loan. My Home Now notes that no transfer of ownership in the Loan to Fannie Mae was recorded in the records of the Clark County Recorder, and argues any ownership interest Fannie Mae has in the Property is therefore void under Nev. Rev. Stat. § 11.325. Opp'n Mot. Intervene at 5. However, "Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." Kootenai Tribe, 313 F.3d at 1108. Rather, "all that is necessary for permissive intervention is that [the] intervenor's claim or defense and the main action have a question of law or fact in common." Id. (internal quotation marks omitted). Petitioners' assertion of a claim and defense with common questions of law and fact is sufficient for permissive intervention.

Second, My Home Now contends that Petitioners "are adequately represented by existing parties." Opp'n Mot. Intervene at 5. While this is a condition precedent for intervention as of right under Rule 24(a), it does not exist under Rule 24(b). Once "[i]ntervenors satisf[y] the literal requirement of Rule 24(b) . . . it [is] within the district court's discretion to decide whether to permit them to participate." Kootenai Tribe, 313 F.3d at 1110. The Court therefore declines to address this argument.

Finally, My Home Now argues that intervention should be denied because Petitioners' claims and defenses fail on their merits. First, My Home Now asserts that the Deed of Trust lien

was subject to and extinguished by the HOA lien. Opp'n Mot. Intervene 8-9. Next, My Home Now contends that Petitioners' defense under 12 U.S.C. § 4617(j)(3) is inapplicable because the HOA lien existed before Fannie Mae was placed into conservatorship. Finally, My Home Now argues 12 U.S.C. § 4617(j)(3) does not apply because Fannie Mae's assets have not been transferred to the FHFA. Each of these arguments relate to the validity of Petitioners' proposed claims and defenses, which the Court is not required to evaluate and does not evaluate at the intervention stage. As stated above, the sole inquiry under Rule 24(b)(1)(B) is whether there is a common question of law or fact. Kootenai Tribe, 313 F.3d at 1110. The Court finds that Petitioners have satisfied this requirement.

V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Petitioners Federal Housing Finance Agency and Federal National Mortgage Association's Motion to Intervene (ECF No. 14) is GRANTED. Petitioners shall have **21 days** from the date of entry of this Order to file an Answer, Counterclaim, or other responsive pleading(s).

DATED: July 13, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**