# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MY HOME NOW, LLC, <br><br>Plaintiff, <br><br>v. <br><br>BANK OF AMERICA, N.A., <br><br>Defendants. | Case No. 2:14-cv-01957-RFB-DJA <br><br>**ORDER** |
| FEDERAL HOUSING FINANCE AGENCY FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br>Counter Claimant, <br><br>v. <br><br>WESTPARK COMMUNITY ASSOCIATION <br>MY HOME NOW, LLC, <br><br>Counter Defendant, | |

## I.     INTRODUCTION

Before the Court are Defendant Bank of America, N.A. ("BANA"), Counterclaimants Federal Housing Finance Agency ("FHFA"), and Federal National Mortgage Association's ("Fannie Mae") Motion for Summary Judgment ("Joint Motion for Summary Judgment"), and Defendant Bank of America, N.A's Motion for Summary Judgment. ECF Nos. 90, 91. For the following reasons, the Court grants the Joint Motion for Summary Judgment.

## II. PROCEDURAL BACKGROUND

Plaintiff My Home Now, LLC ("My Home Now") sued Defendant Bank of America, N.A, ("BANA") in the Eight Judicial District Court of Nevada on October 6, 2014. ECF No. 1-1. In its complaint, My Home Now sought declaratory relief that it acquired property at a homeowner association (HOA) foreclosure sale free from any security interest asserted by BANA. My Home Now also asserted an unjust enrichment claim and requested preliminary and permanent injunctive relief. BANA removed the case to federal court on November 24, 2014. ECF No. 1. BANA filed its answer on November 25, 2014. ECF No. 4. On July 13, 2015, the Court granted the FHFA and Fannie Mae's Motion to Intervene. ECF No. 44. FHFA and Fannie Mae answered and asserted declaratory and quiet title claims against My Home Now and Westpark Community Association (the "HOA") on July 23, 2015. ECF No. 45.

My Home Now, LLC filed a motion for summary judgment. ECF No. 32. BANA also filed a motion for summary judgment. ECF No. 42. On February 25, 2016, the Court denied both motions without prejudice, and reopened discovery for 120 days limited to 1) BANA's alleged tender to the HOA, 2) whether BANA was Fannie Mae's servicer/agent for the note attached to the property at the time of the HOA foreclosure sale, and 3) whether and when Fannie Mae acquired its interest in the property. ECF No. 72. On November 22, 2016, the Court administratively stayed case pending the Ninth Circuit's mandate in the case <u>Bourne Valley Court Trust v. Wells Fargo Bank</u> and denied all pending motions without prejudice. 832 F.3d 1154 (9th Cir. 2016), <u>cert denied</u> 137 S. Ct. 2296 (2017). The Court lifted the stay on April 8, 2019. ECF No. 89. Both motions for summary judgment currently before the Court were filed on May 13, 2019. ECF Nos, 90, 91. Both motions were fully briefed. ECF Nos. 92, 93, 94.

**FACTUAL BACKGROUND**

The Court makes the following findings of undisputed and disputed facts.[1]

    **a. Undisputed facts**

This matter concerns a nonjudicial foreclosure on a property located at 11315 Colinward Avenue, Las Vegas, Nevada 89135 (the "property"). The property sits in a community governed by the HOA. The HOA requires the community members to pay community dues.

Nonparties Patrick K. Haro and Noraishah Samsuddin borrowed funds from Ryland Mortgage Company to purchase the property in 2007. To obtain the loan, Haro and Samsuddin executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust, which lists Haro and Samsuddin as the borrowers and Ryland Mortgage Company as the lender, and Mortgage Electronic Registration Systems, Inc., ("MERS") as the beneficiary solely as nominee, was recorded on December 14, 2007. On December 6, 2011, MERS, as nominee for the lender, recorded an assignment of the deed of trust to BANA.

Haro and Samsuddin failed to pay the required HOA dues. From March 30, 2010 through January 3, 2014 the HOA, through its agent, recorded a notice of delinquent assessment lien concerning past-due assessments, followed by a subsequently recorded notice of default and election to sell and then a notice of foreclosure sale. On June 27, 2014, the HOA, through its agent, held a foreclosure sale on the property under NRS Chapter 116. My Home Now purchased the property at the foreclosure sale. A foreclosure deed in favor of My Home Now was recorded on June 30, 2014.

However, Fannie Mae previously purchased the note and the deed of trust in February 2008. While its interest was never recorded under its name, Fannie Mae continued to maintain its

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

ownership of the note and the deed of trust at the time of the foreclosure sale. BANA serviced the note on behalf of Fannie Mae at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial

reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The facts in this matter are mostly undisputed.[2] The parties dispute whether Fannie Mae had an enforceable interest in the property at the time of the sale.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as

---

[2] Parties also make arguments regarding tender in this case. Because the question of the applicability of the Federal Foreclosure bar is dispositive, the Court declines to address those arguments.

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**IV.     DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovsky v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017) (applying the Federal Foreclosure Bar to preempt the nonjudicial foreclosure of a property owned by Freddie Mac). Under Berezovsky, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the foreclosure. Id. at 932–33. A loan servicer may "assert a claim of federal preemption" as Fannie Mae's agent. My Home Now , LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB, 699 F. App'x 658, 659 (9th Cir. 2017). Thus, under the binding Berezovsky decision, the Court finds that the Federal Foreclosure Bar preempts the foreclosure from extinguishing the deed of trust that Fannie Mae acquired in 2008.

Despite Berezovsky, My Home Now attempts to avoid an unfavorable entry of summary judgment by arguing that Fannie Mae never acquired a property interest because it failed to comply with state laws regarding recordation and the statute of frauds. My Home Now also argues that the bona fide purchaser doctrine precludes BANA from asserting Fannie Mae's property interest,

that BANA, FHFA and Fannie Mae fail to provide the proper foundation for the evidence they rely on when arguing for summary judgment, and that the Federal Foreclosure Bar violates is procedural due process rights. The Court addresses each argument in turn.

The Court first considers the argument pertaining to recordation. My Home Now contends that Fannie Mae failed to record its interest in the property, listing itself as the record beneficiary under the deed of trust, as required by the Nevada's recording statutes. SFR Investments Pool 1, LLC v. BANA Servicing, LLC forecloses the argument. 432 P.3d 718 (Nev. 2018) (holding that the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Fannie Mae acquired the loan in 2008, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d 718. My Home Now's recordation argument fails accordingly.

My Home Now's argument under the statute of frauds is also unsuccessful. My Home Now contends that Fannie Mae failed to comply with the Nevada statute of frauds, precluding Fannie Mae from acquiring an interest in the property. But My Home Now was not a party to the sale of the note and the deed of trust to Fannie Mae in 2008. Thus, My Home Now does not have standing to assert an argument under the Nevada statute of frauds. Harmon v. Tanner Motor Tours of Nev., Ltd., 377 P.2d 622, 628 (Nev. 1963) ("The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest). To be sure, My Home Now's reliance on Leyva v. Nat'l Default Servicing Corp., 255 P.3d 1275 (Nev. 2011), which discusses the statute of frauds, is also unpersuasive. Subsequent to the Leyva decision in 2011,

the Nevada Supreme Court decided Daisy Trust v. Wells Fargo Bank, N.A. 445 P.3d 846 (Nev. 2019). In Daisy Trust, the Nevada Supreme Court cited Berezovsky with favor and allowed materially identical documentation to establish a federal enterprise's property interest. Id. at 849 – 51. The Court can identify no basis for it to ignore the more recent Daisy Trust decision in favor of the Leyva decision.

The Court also finds that My Home Now cannot defeat summary judgment in favor of BANA by asserting the bona fide purchaser doctrine. The Court is again guided by the Berezovsky holding that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship; state laws that impliedly conflict with the Federal Foreclosure Bar are preempted. 869 F.3d at 931. Thus, Nevada's bona fide purchaser laws are preempted to the extent the laws would allow for the extinguishment of Fannie Mae's interest without FHFA's consent.

The Court next considers if BANA provided the proper foundation and sufficient evidence to show it acquired a property interest prior to the foreclosure sale. To establish Fannie Mae's property interest, Fannie Mae attaches printouts from its electronic database. The printouts are accompanied by a declaration of John Curcio, one of Fannie Mae's Assistant Vice Presidents, along with declarations from Shalini Parker, a BANA employee, and Eric Maltese, another Fannie Mae employee. My Home Now argues that this evidence is insufficient to establish Fannie Mae's ownership.

The Court disagrees. Curcio translates the printouts and identifies the Guide. In doing so, he specifically declares that the records were made throughout the course of business by persons with knowledge as to the business events. He also specifically identifies the portions of the printouts that detail the date that Fannie Mae acquired the note and the deed of trust and that

recount when BANA began serving as a servicer. The Parker declaration also confirms and authenticate records showing that BANA's internal database listed Fannie Mae as the owner of the loan, and the Maltese declaration further explains the process by which Fannie Mae acquires loans from the secondary mortgage market.

Further, the Ninth Circuit has allowed FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence on multiple occasions. See Berezovsky, 869 F.3d at 932–33 (allowing the Guide, employee declarations, and computer screenshots to establish Freddie Mac's property interest); see also Elmer v. JPMorgan Chase & Co., 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence. Daisy Trust, 445 P.3d at 850 (discussing Berezovsky).

The printouts, in conjunction with the Guide, establish that a principal-agency relationship existed between Fannie Mae and BANA, as required in Berezovsky. 869 F.3d at 933. The documents also establish that Fannie Mae purchased the loan in 2008—prior to the foreclosure sale—and has owned it since. BANA has therefore presented sufficient evidence under Berezovsky to prevail at the summary judgment stage.

Finally, My Home Now argues that the Federal Foreclosure Bar violates its procedural due process rights. However, the Ninth Circuit has already rejected this premise in Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC. 893 F.3d 1136 (9th Cir. 2018). A procedural due process claim has two elements: 1) deprivation of a constitutionally protected liberty or property interest, and 2) a denial of adequate procedural protections. Id. at 1147 (citing

Brewster v. Bd. Of Educ. At Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). In this case, My Home Now fails to meet the first element, as the Ninth Circuit has already held that Nevada foreclosure law does not function to provide buyers such as My Home Now a constitutionally protected property interest in purchasing homes with free and clear title. Id. at 1147–150. Furthermore, there was never a period in this case in which My Home Now ever had free and clear title to the property because the Federal Foreclosure Bar operated to preserve the deed of trust prior to My Home Now's purchase of the property.

Based on the forgoing, the Court grants summary judgment in favor of BANA on counterclaim one and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims and counterclaims as a result.

## V. CONCLUSION

**IT IS ORDERED** that Defendant Bank of America, N.A. ("BANA"), Counterclaimants Federal Housing Finance Agency ("FHFA"), and Federal National Mortgage Association's ("Fannie Mae") Joint Motion for Summary Judgment (ECF No. 90) is GRANTED. The Court declares that Plaintiff My Home Now LLC acquired the Property subject to Fannie Mae's deed of trust. The Clerk of the Court is therefore instructed to enter judgment in favor of Defendants on their quiet title counterclaim.

**IT IS FURTHER ORDERED** that the remaining claims in this matter are dismissed and Defendant Bank of America's Motion for Summary Judgment (ECF No. 91) is denied.

**IT IS FURTHER ORDERED** that the lis pendens in this case, (ECF No. 88) is expunged.

**IT IS FURTHER ORDERED** that the Clerk of Court close this case.

DATED: November 14, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**